

FILED
OCT 14 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> GINA M. RAIMONDO, Secretary of Commerce, *et al.*, <br><br> Defendants. | Case: 1:21−mc−00127 <br> Assigned To : Unassigned <br> Assign. Date : 10/14/2021 <br> Description: Misc. <br><br> Misc. Action No. <br><br> Chief Judge Beryl A. Howell |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs are eighty-five federal employees or contractors who have filed, on October 13, 2021, a motion to proceed under pseudonym in this action against fourteen separate federal agencies, alleging that the implementation of Executive Orders 14042 and 14043— which require federal employees to be vaccinated against COVID-19 and instruct agencies to implement similar programs with respect to contractors—violates the Administrative Procedure Act ("APA"). Pls.' Mot. Proceed Under Pseudonym ("Pls.' Mot.") at 1. For the reasons set forth below, plaintiffs' motion is denied.[1]

### I.   BACKGROUND

On September 9, 2021, President Biden issued two executive orders aimed at halting the spread of COVID-19. Executive Order ("EO") 14043 requires each federal agency to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its Federal employees, with exceptions only as required by law." EO

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

14043 § 2.  It further requires the Safer Federal Workforce Task Force, which was established to provide guidance related COVID-19 to the heads of the federal agencies, to issue guidance on implementation of that requirement.  *Id.*  The Task Force has issued guidance that employees must be "fully vaccinated by November 22, 2021" or will be subject to termination or removal.  Compl. ¶ 29 (citing Safer Federal Work Force, Frequently Asked Questions, "Vaccinations," available at http://www.saferfederalworkforce.gov/faq/vaccinations/).

EO 14042 requires executive departments and agencies to include clauses in all new contracts requiring that any "contractor or subcontractor shall, for the duration of the contract, comply with all guidance for contractor or subcontractor workplace locations published by the Safer Federal Workforce Task Force."  EO 14042 § 2(a).  Agencies are encouraged to implement these safety protocols for existing contracts as well.  *Id.* § 6(c).  The Task Force has subsequently issued guidance requiring agencies to "ask about the vaccination status of [] onsite contractor employees" before "contractor employees [are] subject to a contractual requirement to be vaccinated."  Compl. ¶ 35.

Plaintiffs are either employed by the defendant federal agencies named as, or are employed by contractors whose customers are, the defendant agencies.  Compl. ¶ 1.  Plaintiffs have all either been (1) directed to receive a COVID-19 vaccine under EO 14043 or directed to provide their vaccination status under EO 14042 or 14043.  *Id.*  Plaintiffs refuse to get vaccinated or report their vaccination status, and therefore face either termination or removal.  *Id*.

Plaintiffs have brought claims under the APA challenging the executive orders, *id.* ¶¶ 40–68, and seeking declaratory relief and a nationwide injunction, *id.* at 19 ("Prayer for Relief").  They move to proceed under pseudonym for two reasons.  First, they are

"concerned that being thrust into a highly contentious national debate at a time when harassment of individuals is becoming increasingly common, severe, and widespread, will result in some form of physical or mental harm." Pls.' Mot. at 1. Second, they seek to limit disclosure of their medical histories and assert that "this case will necessarily disclose Plaintiffs' current vaccination status and will likely discuss other facets of their medical history during adjudication." *Id.* at 2.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify

themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.   DISCUSSION

At this early stage of the litigation, this Court is not persuaded that the plaintiffs have met their burden of showing that their legitimate privacy interests outweigh the public's presumptive interest in knowing the details of this litigation. Plaintiffs have demonstrated no privacy interest sufficient to rebut the presumption in favor of open proceedings. Each of plaintiffs' two arguments—based on the fear of harassment and the disclosure of medical information—is discussed in turn.

The first factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiffs. Plaintiffs first argue that because of the politicized environment surrounding the COVID-19 vaccine, they might face "retaliation in the workplace or in an online forum." Pls.' Mot. at 4. They are particularly concerned that their personal

information could be published online, and they could be subject to "threats of violence." *Id.* Plaintiffs refer to the threat they face as "retaliation," but do not assert that their supervisors would take adverse actions against them if they knew about these claims or otherwise identify a harm that could be characterized as retaliatory. *See* Pls.' Mot. at 3. Nor could they, given that plaintiffs' supervisors will likely already know about plaintiffs' vaccine hesitancy, or at least learn about this as the deadline for receiving the vaccine approaches.

Rather, plaintiffs fear harassment from third parties who might publish their personal information—like their places of work, phone numbers, and residential addresses—and subject them to potential "violence" and "psychological harm." *Id.* While plaintiffs' fear of such potential threats may be real, no substantiation for that concern is presented, making this concern purely theoretical. *See, e.g., Ramsbottom v. Ashton*, No. 3:21-cv-272, 2021 U.S. Dist. LEXIS 119989, at *20–21 (M.D. Tenn. June 28, 2021) (denying request to proceed under a pseudonym based on plaintiff's concern "that public disclosure of her identity will subject her to in-person and/or online stalking and harassment by [defendant]'s fans" since "the plaintiff's concern in this case appears to be speculative"); *Boggs v. United States*, 143 Fed. Cl. 508, 513–14 (2019) (denying motion by 241 current or former employees of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to proceed anonymously for relief under the Fair Labor Standards Act, explaining that "[e]ven accepting the 'current polarized public conversation on gun control,' there is no showing how this translates into a reasonable potential for harm against any ATF employees," citing "absen[ce]" of such evidence).

Without this conjectural threat of violence, the risk of harassment plaintiffs describe is one that can attend any litigation around a contentious issue and thus constitutes only "the annoyance and criticism that may attend any litigation." *In re Sealed Case*, 931 F.3d at 97.

Moreover, less restrictive mechanisms than complete pseudonymity to protect their personal information is available, such as a request to keep plaintiffs' addresses sealed rather than public. *See* LCvR 5.1(c)(1) (requiring "[t]he first filing by or on behalf of a party [to] have in the caption the name and full residence address of the party").

Plaintiffs cite two cases for support, but each is inapposite. They first cite *Doe v. Cabrera*, 307 F.R.D. 1, 6–7 (D.D.C. 2014), for the proposition that the risk of psychological harm may warrant anonymity. In that case, the plaintiff was a rape victim who was experiencing severe depression and anxiety at the prospect of being publicly associated with the details of her sexual assault and sexual history. *Id.* at 6. Sexual assault is a paradigmatically sensitive and personal matter that routinely warrants proceeding under pseudonym, *id.* at 5, and the risk of psychological harm in such a case is far deeper and more harmful than what plaintiffs propose here. Plaintiffs next cite *Doe v. Rumsfeld*, No. 1:03-cv-707 (EGS) (D.D.C. Mar. 18, 2003), for the proposition that this Court has recognized a "very real possibility of harm" by permitting plaintiffs in a case challenging the Department of Defense vaccine mandate to proceed pseudonymously. Pls.' Mot. at 4. This is incorrect. The order in *Rumsfeld* allowing the use of pseudonyms did not state any legal standard or provide any analysis, so provides no persuasive authority.

The second factor, "whether identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, weighs against plaintiff because the asserted risk of retaliatory harm is entirely speculative. Public and non-public figures routinely speak out in favor of or against vaccine requirements without facing the kinds of retaliation that plaintiffs hypothesize. In any event, being subject to criticism in the public sphere, even if intense, does not pose a risk of mental harm sufficient to support anonymity. *See Qualls v.*

7

*Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("bringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym"); *see also Doe v. Court of Common Pleas*, No. 17-cv-1304, 2017 U.S. Dist. LEXIS 182273, at *4–5 (W.D. Pa. Nov. 3, 2017) (denying request from plaintiff probation officer to proceed under a pseudonym based on argument "that anonymity is necessary to protect her from unwanted media attention and a potentially negative public response to the allegations in the Complaint" as "not sufficient to outweigh the public's right to access court proceedings."). Likewise, the third factor, "the ages of the persons whose privacy interests are sought to be protected," *In re Sealed Case*, 931 F.3d at 97, is not relevant because the privacy interests of minors are not implicated.

The fourth factor, the fact that this suit is against the government, weighs against granting plaintiffs' motion. Plaintiffs assert that because they challenge government activity, the Court should be *more* inclined allow them to proceed under pseudonym. Pls.' Mot. at 6 (quoting *Doe v. Sessions*, No. 18-cv-4 (RC), 2018 WL 4637014, at *2 (D.D.C. Sept. 27, 2018)). The D.C. Circuit, however, has recently held that "there is a *heightened* public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329 (emphasis added). Here, plaintiffs are seeking a nationwide injunction against the government, *see* Prayer for Relief, and the public interest in knowing the detail of the litigation that could affect government policy all around the country is particularly great.

The fifth factor weighs in plaintiffs' favor because allowing plaintiffs to proceed under pseudonym will not prejudice defendant in any way. Plaintiffs' identities will be known to the government, *see* Pls.' Mot. at 6, so allowing them to proceed under pseudonym would not

8

compromise defendants' ability to defend this action and would pose no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

Weighing all of the relevant factors, plaintiffs' concern about a threat of retaliatory harm is insufficient to overcome the strong public interest in transparent judicial proceedings.

Likewise, plaintiffs' request to proceed anonymously to avoid publicly disclosing their vaccination statuses and medical histories falls short of justifying keeping their names secret. Plaintiffs make the blanket assertion that disclosure of vaccination status warrants anonymity without presenting any argument that vaccination status is of a "sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. Regardless, this information is not "sensitive and highly personal" such that it warrants anonymity. People routinely disclose their vaccination status in everyday life—particularly now that being "fully vaccinated" is required to enter some business establishments or fly internationally on airplanes—and parties routinely disclose their vaccination status in court, *see, e.g.*, *United States v. Johnson*, No. 02-cr-310 (JDB), 2021 WL 3737681, at *7 (D.D.C. Aug. 24, 2021) (discussing a defendant's vaccination status in the context of a motion for a sentence reduction under 18 U.S.C. § 3852(c)). Plaintiffs offer the conclusory argument that they "will likely discuss other facets of their medical history during adjudication," Pls.' Mot. at 2, but this vague assertion provides far too little information to evaluate the strength of plaintiffs' privacy interests. Moreover, if plaintiffs need to raise other aspects of their medical histories that are in fact sensitive and highly personal, this would at most warrant limited sealing of that information rather than anonymity. Again, less restrictive mechanisms than complete pseudonymity are available to protect truly sensitive medical information. *See Doe v. Solera Capital LLC*, No. 18-cv-1769

(ER), 2019 U.S. Dist. LEXIS 55860, 2019 WL 1437520, at *8 (S.D.N.Y. Mar. 31, 2019) ("Sealing and redacting certain documents containing sensitive information are sufficient alternatives to anonymity and, in fact, [are] routinely done in cases involving sensitive matters.").

In sum, plaintiffs presents no compelling justification for "the rare dispensation of anonymity," *In re Sealed Case*, 971 F.3d at 326, and have failed to either demonstrate a need for secrecy or identify consequences likely to befall them if they proceeded in their own names.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Proceed Under Pseudonym is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file plaintiffs' Complaint on the docket unless it is filed with plaintiffs' full names in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: October 14, 2021

_____
BERYL A. HOWELL
Chief Judge